WHISMAN *v.* AMERICAN FELLOWSHIP MUTUAL
INSURANCE COMPANY.

INSURANCE—PREMIUM FALLING DUE ON SUNDAY.

> Accident which occurred at 9:05 p.m. on Sunday fixed responsibility of defendant insurer under automobile insurance policy which, by terms of notice sent insured, could not lapse until noon of Monday where premium fell due on Sunday, the day of the accident.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 10, 1964. (Calendar No. 6, Docket No. 50,266.) Decided June 1, 1964.

Bill by Phillip W. Whisman against American Fellowship Mutual Insurance Company, a corporation, for declaration of rights in connection with loss occurring on Sunday when renewal premium was due. Judgment for plaintiff. Defendant appeals. Affirmed.

*Karbel, Eiges & Rothstein,* for plaintiff.

*Willans, Frisbee & Ryal (Daniel Zolkower,* of counsel), for defendant.

BLACK, J. The defendant insurer issued its automobile insurance policy to the plaintiff under date of February 9, 1961. By various renewals the policy was continued in effect "from 8-12-61 to 11-12-61."

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur, Insurance §§ 527, 587–589.

November 12, 1961 was a Sunday. At approximately 9:05 in the evening of that day plaintiff, driving the insured car, was involved in an automobile accident which resulted in the death of another motorist, also in damage of the insured car to the repair cost-extent of $1,193.61.

The question is whether the policy was in force and effect at the time of the accident. The trial judge, hearing the issue upon plaintiff's bill for declaration of rights, held that it was. We experience no difficulty in reaching agreement with such conclusion.

The defendant insurer, prior to November 12, 1961, issued to plaintiff its regular notice of next premium due. The form reads "NOTICE is hereby given that the next premium will become due and payable as described above. See provisions on the other side of this notice."

By the notice the required premium became due "on or before noon" November 12, 1961. However, on the other side of the notice the following clause appears:

"Any premium falling due on a Sunday or holiday must be paid on or before noon of the following business day."

The last quoted clause is decisive. By its terms the policy did not lapse, for nonpayment of premium, prior to the time of the accident. It could not lapse on account of nonpayment until noon on Monday, November 13, 1961. By that noon the responsibility of the defendant insurer, with respect to the accident and its insured consequences, had become fixed.

The trial chancellor held that·"By the very terms of the notice the policy was extended until noon of Monday." This we believe to be the only reasonable construction of the policy in the presented circum-

stances. It follows that Judge Gilmore did not err in entry of declaratory judgment for plaintiff.

Affirmed. Costs to plaintiff.

Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred.